FILED

**NOT FOR PUBLICATION**

MAR 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHONDEL LAMAR LARKIN, | No. 09-56264 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02034-DSF-CT |
| v. | |
| JAMES YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 18, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Shondel Lamar Larkin, a state prisoner, was convicted of attempted forcible

rape, first degree residential burglary, criminal threats, and assault with intent to

commit a felony. Larkin appeals the district court's final judgment and order

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

dismissing with prejudice his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

# I

Larkin contends that the trial court violated his constitutional right to confront the witnesses against him when it permitted Dr. Charlotte Word, a former laboratory director, to testify about her opinion that Larkin could not be excluded as a donor of DNA taken from a leather watchband found in the victim's bedroom because Dr. Word's expert opinion was based on the results of DNA testing she had not performed but, instead, had reviewed after the fact. Assuming without deciding that a violation of Larkin's Sixth Amendment Confrontation Clause rights occurred, we hold that Larkin did not suffer prejudice. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.2000) ("Confrontation Clause violations are . . . subject to harmless error analysis."); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (explaining that habeas relief is available only where "constitutional error of the trial type" resulted in "actual prejudice").

The prosecution bears the burden of showing that Confrontation Clause error was "harmless beyond a reasonable doubt." *United States v. Gillam*, 167 F.3d 1273, 1277 (9th Cir.1999). "An assessment of harmlessness cannot include consideration of whether the witness' testimony would have been unchanged, or

2

the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and harmlessness must therefore be determined on the basis of the remaining evidence." *Coy v. Iowa*, 487 U.S. 1012, 1021-22 (1988). "Whether such an error is harmless in a particular case depends upon a host of factors, . . . includ[ing] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Here, the prosecution's case connecting Larkin to the crimes of which he was convicted consisted of eye-witness testimony from two victims, evidence of past sexually-driven conduct to demonstrate intent and motive, and fingerprint evidence. DNA evidence was also introduced to demonstrate that Larkin could not be excluded as the person who had left the watch wristband in the apartment of the assault and attempted rape victim. The latent print evidence showed that Larkin's prints matched a latent fingerprint lifted by the police from the back door and a palm print lifted from the inside kitchen window of that victim's apartment. The DNA evidence was based on genetic material obtained from the interior wristband

3

of the watch found in the apartment. That genetic material was sent to an outside laboratory for analysis. Dr. Word was not involved in the testing of the DNA obtained from the wristband. She testified that at least three individuals were possible donors of the DNA and that Larkin could not be excluded as a source.

The defense called witnesses to call into question the victim's identification of Larkin; a latent fingerprint expert to testify about the error rate in fingerprint comparison identification; an expert on witness identification, who discussed problems with cross-racial identifications; and Larkin's talent agent, who testified about Larkin's work as a model in print and television advertisement campaigns. The defense did not call witnesses regarding DNA evidence, but it was permitted to subject Dr. Word to cross- and re-cross- examination, eliciting testimony from Dr. Word that the quality of the sample obtained from the wristband was not good, that she agreed "absolutely" that it was difficult to get reliable results from such a sample, and that the results obtained were "very weak."[1]

Although Dr. Word's testimony about the results of DNA tested from the wristband was the only evidence potentially placing Larkin in the victim's bedroom, the finger- and palm- print evidence was sufficient to place Larkin at and

---

[1]Although the prosecution did not seek to have admitted the report of the DNA test results into evidence, the defense did move some pages of the report into evidence.

4

inside of the victim's apartment. The remaining evidence and the overall strength of the prosecution's case was sufficient to render any error related to the DNA evidence harmless. *See United States v. Norwood*, 603 F.3d 1063, 1069 (9th Cir. 2010) (concluding that, although the Government conceded the admission of sworn affidavit violated the defendant's Sixth Amendment rights, the error was harmless because the evidence was not offered to prove an element of the offense, was not the sole evidence of any relevant fact, and was cumulative); *cf. also United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (affirming denial of sufficiency of the evidence claim and quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), regarding the obligation to "construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'").

## II

We decline to expand the certificate of appealability and include Larkin's uncertified claim that defense counsel rendered ineffective assistance by failing to call a surrebuttal witness to refute testimony regarding an eyewitness identification. Larkin has not made a substantial showing that reasonable jurists would find the District Court's assessment of his ineffective assistance of counsel

claim debatable or wrong, because defense counsel proffered other evidence that undermined the victim's identification of Larkin from the photographic line-up. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Therefore, Larkin's request to expand the certificate of appealability is **DENIED**, and the district court's denial of Larkin's habeas corpus petition is **AFFIRMED**.



Larkin v. Yates, No. 09-56264

RYMER, Circuit Judge, concurring:

I concur in the judgment.